UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHICAGO VENTURE PARTNERS, L.P.,   )
an Illinois Limited Partnership,   )
　　　　　　　　　　　　　　　　　　　　　)   **ECF CASE**
　　　　　　　　　　　Plaintiff,   )
　　　v.   )   07 Civ. 6571 (SAS)
　　　　　　　　　　　　　　　　　　　　　)
BRILLIANT TECHNOLOGIES CORPORATION, )
a Delaware corporation,   )
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　Defendant.   )

## DECLARATION OF EDWARD SCARVALONE

Edward Scarvalone declares as follows:

1.　　　I am a member of Doar Rieck Kaley & Mack, attorneys for plaintiff Chicago Venture Partners, L.P. ("CVP").   I submit this declaration to attach documents relevant to CVP's application, brought on by order to show cause, for a temporary restraining order and a preliminary injunction restraining defendant Brilliant Technologies Corporation ("BTC") from proceeding with its announced plan to transfer substantially all of its assets to another corporation without shareholder approval, in violation of Delaware corporate law.

2.　　　Attached hereto as Exhibit A is a true and correct copy of a 9% Convertible Debenture, dated March 24, 2006, that BTC's corporate predecessor, Advanced Technology Industries, Inc. ("ATI"), entered into with CVP (the "Debenture").

3.　　　Attached hereto as Exhibit B is a true and correct copy of a Registration Rights Agreement, dated March 23, 2006, between CVP and ATI ("Registration Rights Agreement").

4.　　　Attached hereto as Exhibit C is a true and correct copy of a Securities Purchase Agreement, dated March 24, 2006, between CVP and ATI ("Security Agreement").

5.      Attached hereto as Exhibit D is a true and correct copy of the Form 10-QSB submitted by BTC to the Securities and Exchange Commission ("SEC"), for the quarter ending March 31, 2007, as reflected in the SEC's EDGAR database.

6.      Attached hereto as Exhibit E is a true and correct copy of relevant excerpts from the Form 10-KSB submitted by BTC to the SEC for the year ending December 31, 2006, as reflected in the SEC's EDGAR database.  The excerpted pages consist of pages 1-40 and F-1 through F-43 (pages 2-141 of the document as it appears on EDGAR).

7.      Attached hereto as Exhibit F is a true and correct copy of the Form 8-K submitted by BTC to the SEC, dated June 22, 2007, as reflected in the SEC's EDGAR database. This SEC submission states that BTC entered into a non-binding letter of intent with The Flooring Zone, Inc. ("Flooring Zone"), pursuant to which BTC has agreed to transfer all of the outstanding shares of its wholly owned subsidiary, LTDnetwork, Inc. ("LTD"), which owns and operates BTC's Qtrax technology and business, to Flooring Zone, in exchange for newly issued Flooring Zone common stock representing 80% of the outstanding common stock of Flooring Zone.

8.      Attached hereto as Exhibit G is a true and correct copy of a  news article appearing in the *New York Post*, published June 25, 2007.

9.      Attached hereto as Exhibit H is a true and correct copy of  the Form 10-KSB submitted by Flooring Zone, for the year ending December 31, 2006, as reflected in the SEC's EDGAR database.

10.      CVP has made a request that BTC seek shareholders' approval at a shareholders' meeting before transferring LTD and the Qtrax technology and business

2

(collectively, "Qtrax") to Flooring Zone. BTC has not agreed to do so, and no notice of a shareholders' meeting has been received by CVP.

11.     Accompanying this Declaration is a memorandum of law arguing that under Delaware corporate law, BTC cannot transfer Qtrax without first obtaining shareholder approval, inasmuch as Qtrax constitutes substantially all of BTC's assets.

12.     CVP seeks a temporary restraining order ("TRO") and preliminary injunction restraining and enjoining BTC from transferring Qtrax to Flooring Zone without first obtaining shareholder approval. Entry of the TRO would preserve the status quo while the Court determines CVP's application for a preliminary injunction.

13.     CVP has proceeded by means of an Order to Show Cause because the letter of intent, *see* ¶7, *supra*, states BTC's and Flooring Zone's intention to reach a definitive agreement on the transfer by August 3, 2007. If CVP were to have proceeded by notice of motion, then BTC and Flooring Zone could finalize their agreement, and conceivably effect the transfer, before the Court could decide CVP's application for a preliminary injunction.

14.     This is CVP's first request for judicial relief in connection with this matter.

Declared under penalty of perjury pursuant to 28 U.S.C. §1746 this 27th day of July 2007.

Edward Scarvalone